UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHANTELL Y. DANIELS,

                          Plaintiff,

      -vs-                       **No. 1:14-CV-00994 (MAT)**
                                                      **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                          Defendant.

---

**I.   Introduction**

Represented by counsel, Shantell Y. Daniels ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benfits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

**II.  Procedural History**

The record reveals that in April 2011, plaintiff (d/o/b March 8, 1969) applied for DIB and SSI, alleging disability as of April 11, 2007. After her applications were denied, plaintiff requested a hearing, which was held before administrative law judge David Lewandowski ("the ALJ") on November 7, 2012. The ALJ issued

an unfavorable decision on May 20, 2013. The Appeals Council denied review of the ALJ's decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff met the insured status requirements of the Act through June 30, 2011. At step one of the five-step sequential evaluation process, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since April 11, 2007, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: obesity, asthma, knee pain status post arthroscopy, shoulder tendinopathy and bursitis, and low back and neck pain. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following limitations: she could occasionally climb stairs, balance, and stoop; she could never kneel, crouch, or crawl; she must avoid environmental irritants; she could occasionally push and pull; she could perform no overhead activities; she must avoid extreme temperatures; and she must have a sit/stand option that could be exercised every 15 minutes. At step four, the ALJ found that plaintiff was unable to perform any past relevant work. At step

2

five, the ALJ determined that considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

**IV.  Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

**A.  Credibility**

Plaintiff contends, at points I and III of her brief, that the ALJ improperly assessed her credibility. Specifically, plaintiff argues that the ALJ mischaracterized certain portions her testimony and the medical record when reaching his credibility determination, and failed to properly evaluate her subjective complaints of pain. For the reasons that follow, the Court concludes that the ALJ properly evaluated plaintiff's credibility.

In finding plaintiff less than fully credible, the ALJ considered her testimony and the extent to which it was consistent with the medical record as a whole. The ALJ correctly noted that plaintiff testified that she could sit for only up to 15 minutes at

a time, but also testified that she can drive a car for up to 30 minutes. Additionally, the ALJ noted that objective imaging and physical examinations of plaintiff revealed relatively unremarkable findings inconsistent with her subjective complaints. For example, MRIs of the lumbar spine, left knee, and left shoulder were unremarkable, showing no significant abnormalities. State agency consulting physician Dr. Hongbiao Liu noted on physical examination that plaintiff demonstrated full ranges of motion ("ROM") and opined that she was limited merely in regard to exposure to environmental irritants due to her asthma. The ALJ also noted inconsistencies between plaintiff's reports and her treatment records, such as a note from an examination in March 2011 that "[plaintiff] did not cough at all during the entire triage process[, but] [i]mmediately upon placing stethoscope on [her] chest [she] coughed incessantly." T. 265.

All of the reasons given by the ALJ for discounting plaintiff's credibility are borne out by the record. Moreover, the Court concludes that the ALJ's evaluation of plaintiff's credibility was performed according to the relevant legal standard. See Britt v. Astrue, 486 F. App'x 161, 164 (2d Cir. 2012) (finding explicit mention of 20 C.F.R. § 404.1529 and SSR 96-7p as evidence that the ALJ used the proper legal standard in assessing the claimant's credibility); Judelsohn v. Astrue, 2012 WL 2401587, *6 (W.D.N.Y. June 25, 2012) ("Failure to expressly consider every factor set forth in the regulations is not grounds for remand where

4

the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that he considered the entire evidentiary record.").

### B. Vocational Expert Testimony

Plaintiff contends that the ALJ improperly relied on vocational expert ("VE") testimony that plaintiff could perform the jobs of teller, counter clerk, or fundraiser. Specifically, plaintiff argues that the jobs cited by the VE were either out of plaintiff's skill range or she was unable to perform them because of limitations in the use of her hands. Essentially, plaintiff's contentions amount to an argument that the hypothetical questions posed to the VE by the ALJ were unsupported by substantial evidence.

Upon a thorough review of the record and the VE testimony at plaintiff's hearing, the Court concludes that the ALJ properly relied on the VE's testimony in reaching his step five determination. The hypothetical individual presented to the VE by the ALJ was fully consistent with the ALJ's RFC finding. That RFC finding is supported by substantial evidence in the record, including the one functional assessment in the record from state agency physician Dr. Liu, who opined that plaintiff had limitations related only to environmental irritants such as smoke and dust. Because the hypothetical was supported by substantial evidence, and the jobs cited by the VE were not inconsistent with the RFC, the

5

ALJ's reliance on the VE's testimony was proper. See, e.g., <u>Pardee v. Astrue</u>, 631 F. Supp. 2d 200, 212 (N.D.N.Y. 2009).

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 12) is denied and the Commissioner's motion (Doc. 17) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   April 8, 2017
         Rochester, New York